1  DANIEL P. WESTMAN (CA SBN 108145)
   MORRISON & FOERSTER LLP
2  1650 Tysons Boulevard
   Suite 400
3  McLean, Virginia 22102
   Telephone: 703.760.7700
4  Facsimile: 703.760.7777
   Email: DWestman@mofo.com

5

6  Attorneys for Defendant
   NEC CORPORATION OF AMERICA

FILED

08 APR 14 PM 4:27

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ CP _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 677 DMS BLM

| | |
|---|---|
| CHARLES HOGARTY, | Case No. |
| Plaintiff, | Class Action |
| v. | |
| NEC CORPORATION OF AMERICA, | NOTICE OF REMOVAL |
| and | |
| INNOVATIVE EMPLOYEE SOLUTIONS, | |
| and | |
| DYNAMIC STAFFING, INC., | |
| and | |
| DOES 1 through 100, | |
| Defendants. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. Sections 1441 and 1453, Defendant NEC Corporation of America ("NEC"), by its undersigned counsel, hereby provides written notice pursuant to 28 U.S.C. Section 1446 of its removal of the above-captioned case from the Superior Court of the State of

1

va-237583

ORIGINAL

California, County of San Diego, to the United States District Court for the Southern District of California. The grounds for removal are as follows:

1. This civil action was commenced by the filing of a Complaint for Damages, Penalties and Restitution ("the Complaint") by Charles Hogarty ("Mr. Hogarty"), which has been docketed in the Superior Court of the State of California, County of San Diego, as Case No. 2008-00080915-CU-OE-CTL, a copy of which is attached hereto as Exhibit A. Mr. Hogarty has not served any other process, pleading, or order upon NEC.

2. In the Complaint, Mr. Hogarty has asserted claims that include failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. Section 207, ("the FLSA") and California labor law. Mr. Hogarty's claims under the FLSA present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. Section 1331. The remaining claims are within the jurisdiction of this Court under 28 U.S.C. Section 1441(c).

3. Mr. Hogarty filed the Complaint as a class action on behalf of himself, the general public, and all others similarly situated. Therefore, NEC may remove the Complaint to this Court independent of the other defendants pursuant to 28 U.S.C. section 1453(b).

4. Under 28 U.S.C. Section 1446(b), a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. This Notice of Removal is timely under 28 U.S.C. Section 1446(b).

5. In accordance with 28 U.S.C. Section 1446(d), NEC will file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Diego, and will serve a copy of the same upon counsel for Mr. Hogarty.

WHEREFORE, notice is given that this action is removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

va-237583

Dated: April 14, 2008

MORRISON & FOERSTER LLP

By: _/s/ Daniel P. Westman/ RN/_
Daniel P. Westman,

Attorneys for Defendant
NEC CORPORATION OF AMERICA

3

va-237583

**CERTIFICATE OF SERVICE**

I certify that a copy of Defendant NEC Corporation of America's Notice of Removal was served on Plaintiff's counsel listed below on April __, 2008, by U.S. mail.

> Mark R. Thierman, Esq. Cal SBN 72913
> THIERMAN LAW FIRM
> 7287 Lakeside Drive
> Reno, Nevada 89511
> Telephone: (775) 284-1500

Counsel for Plaintiff Charles Hogarty

/s/ Daniel P. Westman
Daniel P. Westman

1

va-237583

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6058 |

PLAINTIFF(S) / PETITIONER(S):     Charles Hogarty

DEFENDANT(S) / RESPONDENT(S):    NEC Corporation of America et.al.

HOGARTY VS. NEC CORPORATION OF AMERICA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00080915-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                              Department: C-61

**COMPLAINT/PETITION FILED:** 04/01/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

ORIGINAL

Mark R. Thierman, Esq., Cal SBN 72913
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CHARLES HOGARTY, and on behalf of himself, the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEC Corporation of America, a Delaware corporation doing business in Virginia; INNOVATIVE EMPLOYEE SOLUTIONS, INC., a Colorado corporation doing business in California; DYNAMIC STAFFING, INC., a Nevada corporation doing business in California; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2008-00080915-CU-OE-CTL<br><br>Class and Representative Action<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES, PENALTIES AND RESTITUTION**<br><br>1. Restitution of Overtime Wages (Lab. Code 1194 and 29 U.S.C. § 207(a)(1)<br>2. Waiting Time Penalties (Lab. Code 203)<br>3. Business & Professions Code Section 17200, et seq.<br><br>**BY FAX** |

COMPLAINT

Comes now Plaintiff Charles Hogarty ("Plaintiff") on behalf of himself, all others similarly situated, and the general public and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims alleged herein pursuant to the California Labor Code §§ 203 and 1194 and California Business & Professions Code § 17200.

2. Venue is proper in this Court because the claims alleged herein arose within this judicial district.

## PARTIES AND BACKGROUND

3. Defendant NEC CORPORATION OF AMERICA (hereinafter NEC) is a Delaware corporation doing business within the State of Virginia and a co-employer of Defendant INNOVATIVE EMPLOYEE SOLUTIONS, INC. and a co-employer of Defendant DYNAMIC STAFFING, INC. According to the web page for NEC, of which a true and correct copy is attached hereto as Exhibit "A," "NEC Corporation of America is a leading technology provider of IT, network and visual display solutions. Empowered by innovation, its solutions, products and services are backed by the leadership and expertise of one of the most successful global companies, conducting business for more than 100 years. NEC Corporation of America delivers technology and professional services to carrier and both SMB and large enterprise clients across multiple vertical industries."

4. Defendant DYNAMIC STAFFING, INC. (hereinafter "DYNAMIC") is a Nevada corporation doing business within the State of California and a co-employer of Defendant NEC CORPORATION OF AMERICA and Defendant INNOVATIVE EMPLOYEE SOLUTIONS, INC. According to the web page for DYNAMIC, of which a true and correct copy is attached hereto as Exhibit "B," "Dynamic Staffing is a leader in technical staffing

COMPLAINT

services for positions and businesses in the US and Canada. We now operate in over 35 states across the U.S. and Canada to service our customer's contingent labor demands. While making our customers successful DSI has become one of the leading agencies in the industry and has been recognized as such in the 2005 Staffing Industry Analysts publication placing 9 the among the Fastest Growing Private Firms in the country."

5. Defendant INNOVATIVE EMPLOYEE SOLUTIONS, INC. (hereinafter "INNOVATIVE") is a Colorado corporation doing business within the state of California and a co-employer of Defendant NEC CORPORATION OF AMERICA and Defendant DYNAMIC STAFFING, INC. According to the web page for INNOVATIVE, of which a true and correct copy is attached hereto as Exhibit "C", "With more than 30 years' experience, Innovative Employee Solutions® (IES) is a 100% woman-owned company specializing in outsourced payroll and human resource (HR) administration services to companies nationwide. With clients ranging in size from under 25 employees to more than 35,000, IES has specialized expertise serving companies that staff long-term, knowledge-based contracts and projects."

6. Plaintiff Charles Hogarty (hereinafter "Plaintiff") and all others similarly situated, are or were employed as Installation Supervisors by Defendants, and each of them, in the State of California within the four years preceding the filing of this Complaint and were paid on an hourly basis and worked more than 40 hours in a week and/or over 8 hours within a day but did not receive overtime pay at one and one half times their regular rate of pay for all hours worked over 40 in a week and/or over 8 within a day. Additionally, Plaintiff and all others similarly situated were terminated by, or resigned from, their positions with Defendant. Defendant, however, did not pay Plaintiff and/or members of the Plaintiff class their overtime

COMPLAINT

wages, which said monies were due upon their termination, or within seventy-two hours of their resignation. Such non-payment was the direct and proximate refusal to do so by Defendant.

7. Plaintiff does not know the true names of Defendants DOES 1 through 100, inclusive, and therefore, sue them by those fictitious names.

8. Plaintiff brings this action on his own behalf, on behalf of the class of all persons similarly situated and the general public.

9. Plaintiff seeks to represent a class of all employees of Defendants, and each of them, who at all relevant times were employees of Defendants, and each of them, as Installation Supervisors who were subject to Defendants' illegal practices of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code § 1194.

10. Plaintiff also seeks to represent a class of all former Installation Supervisors employed by Defendants who are entitled to a California Labor Code § 203 waiting time penalty.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on his own behalf, on behalf of the class of all persons similarly situated and the general public.

12. Plaintiff seeks to represent a class of all employees of Defendants, who at all relevant times were employed as Installation Supervisors who were subject to Defendants' illegal practices of requiring Plaintiff and all others similarly situated to work overtime without

COMPLAINT                                                                                                          3

payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code § 1194.

13. The class consists of at least 100 employees, and likely more, which is so numerous that the joiner of each member of the class is impracticable.

14. There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiff seeks to represent. The class members' claims against Defendants involve questions of common or general interest, in that their claims are based on Defendants' implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code § 1194.

15. Plaintiff seeks to represent a class of all former employees of Defendants, who at all relevant times were employees of Defendants as Installation Supervisors whose employment terminated with Defendants to which Defendants failed to pay all of the wages they were due by the deadlines imposed under California Labor Code §§ 201 and 202.

16. There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiff seeks to represent. The class members' claims against Defendants involve questions of common or general interest, in that their claims are based on Defendants' implementation and utilization of a policy pursuant to which all members' of the class employment was terminated with Defendants and Defendants failed to pay all of the wages they were due by the deadlines imposed under California Labor Code §§ 201 and 202.

COMPLAINT

4

17.     Plaintiff will fairly and adequately represent the interests of the class members because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

18.     Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representatives of the class.

## FIRST CAUSE OF ACTION
(Failure To Pay Overtime In Violation of California Labor Code § 1194 and 29 U.S.C. § 207(a)(1)

19.     Plaintiff hereby incorporates each and every allegation contained above, and reallege said allegations as if fully set forth herein.

20.     California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

21. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

22. At all times relevant, Defendants have failed to pay Plaintiff and the putative members of the class overtime for all of the hours they have worked over 40 per week in violation of the Fair Labor Standards Act and the California Labor Code.

23.     In particular, Defendants' compensation scheme fails to properly pay Plaintiff and the members of the class overtime compensation at one and one-half times their regular rate of pay for many hours worked over 40 per week.

24. Defendants' failure to pay Plaintiff and the putative members of the class overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week violates the California Labor Code and the Fair Labor Standards Act and Plaintiff, on behalf of himself and all putative members of the class, seeks compensation for all overtime hours worked for the time period relevant herein as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (California Labor Code § 203 Waiting Penalties)

25. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

26.   California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.
> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

Defendants willfully and intentionally failed to pay Plaintiff and the putative members of the class all of the wages they were due by the deadlines imposed under California Labor Code §§ 201 and 202. Accordingly, Plaintiff and the putative members of the class seek waiting time penalties, specifically, "employee's daily wages for each day he or she remained

COMPLAINT

6

unpaid up to a total of 30 days" for Plaintiffs and class members who terminated employment without being paid the proper payments.

### THIRD CAUSE OF ACTION

(Unfair Competition Law – California Business and Professions Code § 17200 et. Seq.)

27. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

28. California Business and Professions Code § 17200, entitled "Definition," states:

> As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

29. By the conduct set forth above, Defendants have violated the provisions of the California Labor Code.

30. By the conduct described above, Defendants have also violated the provisions of the Unfair Competition Law, Business & Professions Code § 17200 et seq. for which this Court should issue equitable and injunctive relief pursuant to Business & Professions Code § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

31. Unless enjoined, Defendant will continue to fail to pay wages due to employees as required by law.

32. Plaintiff demands an order of the Court pursuant to California Business & Professions Code § 17200 et seq. enjoining Defendants from engaging in these, or similar, unlawful business practices.

COMPLAINT                                                            7

33. Plaintiff further demands that Defendants make a search of their records and make full restitution for unpaid wages due all employees employed by Defendants within the State of California beginning on the date four years prior to the date of the filing of this Complaint until the date of entry of judgment after trial for time that they were required to spend working for Defendants without compensation.

34. Plaintiff further demands that Defendants be ordered to search their records to identify all unpaid wages due employees employed by Defendants within the State of California beginning on the date four years prior to the date of the filing of this Complaint until the date of entry of judgment after trial for time they were required to spend working for Defendants without compensation, and that Defendants be ordered to hold such amounts in an equitable, constructive and/or resulting trust for the benefit of employees for whom restitution is owed and unpaid, to be paid to each such individual that the Defendants can locate, and the remainder of which shall be deposited with the Labor Commissioner as Trustee for the Industrial Relations Unpaid Wage Fund of the State of California pursuant to California Labor Code §§ 96.6 and 96.7, with the names, last known address and social security number of each remaining unpaid class member, or if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Associations (a not for profit organization located in San Francisco, California dedicated to promoting the employment rights of workers), in the manner provided by California Code of Civil Procedure § 384.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as hereinafter set forth:

COMPLAINT

8

1. For an order of restitution that Defendants pay to Plaintiff and the members of the class all sums due and owing for failure to pay overtime at one and one half times their regular rate for all hours worked over forty (40) within a week;

2. For waiting penalties for Plaintiff and the putative members of the class, specifically, "employee's daily wages for each day he or she remained unpaid up to a total of 30 days" for Plaintiff and class members who terminated employment without being paid the proper payments.

3. For liquidated damages pursuant to California Labor Code § 1194.2(a), for Plaintiff and the putative members of Class I in the amount of any unpaid wages for the above stated uncompensated time worked, plus interest on that amount.

4. For an injunction against Defendants enjoining them from all future violations of the California Labor Code;

5. For all interest on any sums awarded as allowed by law;

6. For all reasonable attorneys fees provided for by any applicable statute;

7. For all costs of this suit allowed by law;

8. For any other and further relief that the court deems just and proper.

Dated: March 24, 2008

THIERMAN LAW FIRM

By: _____
Mark R. Thierman

COMPLAINT

9

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
NEC Corporation of America, a Delaware corporation doing business in Virginia; INNOVATIVE EMPLOYEE SOLUTIONS, INC., a Colorado corporation doing business in California; DYNAMIC STAFFING, INC., a Nevada corporation doing business in California; and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
CHARLES HOGARTY, and on behalf of himself, the general public, and all others similarly situated

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CIV...

2008 APR -1 A 10: 28

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of the State of California, County of San Diego, 330 W. Broadway, San Diego, CA 92101

**CASE NUMBER:** 37-2008-00080915-CU-OE-CTL
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, NV 89511 (775) 284-1500

DATE: APR 0 1 2008      Clerk, by _____, Deputy
(Fecha)                 (Secretario) C. Selinsky    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark R. Thierman, SBN 72913<br>Thierman Law Firm, 7287 Lakeside Drive, Reno, NV 89511<br>TELEPHONE NO.: 775-284-1500   FAX NO.: 775-703-5027<br>ATTORNEY FOR (Name): Plaintiff Charles Hogarty | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: | |
| CASE NAME: Charles Hogary v. NEC Corporation of America, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00080915-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

**BY FAX**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3-28-08

Mark R. Thierman
(TYPE OR PRINT NAME)                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

INVOICE NO.
**1248**

| SOLD TO: | | SHIP TO: | |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |
| CITY, STATE, ZIP | | CITY, STATE, ZIP | |

| CUSTOMER'S ORDER | SOLD BY | TERMS | F.O.B. | DATE |
|---|---|---|---|---|
| | 80 | | | 4/14/08 |

| QUANTITY | | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 1 | Hogarty vs. NEC Corp | | |
| | 2 | | | |
| | 3 | 08CV 0677-DMS | 350— | |
| | 4 | | | |
| | 5 | | | |
| | 6 | BC# 13846 | | |
| | 7 | | | |
| | 8 | | | |
| | 9 | | | |
| | 10 | | | |

INVOICE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charles Hogarty

**DEFENDANTS**
NEC Corporation of America; Innovative Employee Solutions, Inc.; Dynamic Staffing, Inc.; Does 1 through 100

FILED
08 APR 14 PM 4:26
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 677 DMS BLM
cp
DEPUTY

(b) County of Residence of First Listed Plaintiff: Fairfax County, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Fairfax County, Virginia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, Nevada 89511, 775-284-1500

Attorneys (If Known)
Daniel P. Westman, Morrison & Foerster LLP, 1650 Tysons Boulevard, Suite 400, McLean, Virginia 22102, 703-760-7700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
The Fair Labor Standards Act, 29 U.S.C. section 207, 28 U.S.C. SECTIONS 1441 AND 1453

Brief description of cause:
Plaintiff's class action lawsuit for claims including failure to pay overtime wages in violation of the FLSA.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $25,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 04/14/2008
SIGNATURE OF ATTORNEY OF RECORD: Daniel P. Westman / LN

**FOR OFFICE USE ONLY**
RECEIPT # 1248  AMOUNT $350  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___
SEL 4/14/08

ORIGINAL