DANIEL P. WESTMAN (CA SBN 108145)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7700
Facsimile: 703.760.7777
Email: DWestman@mofo.com

Attorneys for Defendant
NEC CORPORATION OF AMERICA

MARK R. THIERMAN
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone: 775.284.1500
Fax: 775.703.5027
Email: laborlawyer@pacbell.net

Attorneys for Plaintiff
CHARLES HOGARTY

PETER J. ATTARIAN, JR.
BLACKMAR PRINCIPE AND SCHMELTER
600 B Street, Suite 2250
San Diego, CA 92101-4508
Telephone: 619.238.8900
Fax: 619.236.8180
Email: pattarian@bpslaw.net

Attorneys for Defendant
INNOVATIVE EMPLOYEE SOLUTIONS

S. ROSS KOCHENDERFER, JR.
LAW OFFICES OF S. ROSS
KOCHENDERFER, JR.
12210 Herdal Drive, Suite 11
Auburn, CA 95603
Telephone: 530.823.9858
Fax: 530.823.0450
Email: rklaw@pacbell.net

Attorneys for Defendant
DYNAMIC STAFFING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOGARTY,<br><br>Plaintiff,<br><br>v.<br><br>NEC CORPORATION OF AMERICA, ET AL.<br><br>Defendants. | Case No. 3:08-cv-00677-DMS-BLM<br>Class Action<br><br>JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLASS ACTION COMPLAINT<br><br>The Honorable Dana M. Sabraw<br>Magistrate Judge Barbara L. Major |

## I. INTRODUCTION

Plaintiff Charles Hogarty ("Plaintiff") and defendants NEC Corporation of America ("NEC"), Dynamic Staffing, Inc. ("Dynamic"), and Innovative Employee Solutions, Inc. ("Innovative") (collectively referred to as "Defendants") jointly seek approval of their Proposed Settlement ("Proposed Settlement") of Plaintiff's individual claims and the concurrent dismissal of the above-captioned class action Complaint. Plaintiff has settled his claims against

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CLASS ACTION COMPLAINT

Defendants for a confidential sum. A copy of the written agreement containing the terms of the Proposed Settlement is submitted contemporaneously herewith to the Chambers of the Hon. Dana M. Sabraw. The Proposed Settlement resolves all of the named Plaintiff's wage and hour claims against Defendants arising under state and federal law.

The Proposed Settlement is reasonable and appropriate, and satisfies all of the criteria for approval under federal law. The Proposed Settlement adequately compensates Mr. Hogarty for his individual claims, and none of the putative class members have elected to opt into this class action to date. Moreover, the Proposed Settlement obviates the need for a class-wide settlement, as the putative class members' rights are unaffected thereby. Accordingly, the parties jointly request that the Court approve the Proposed Settlement and order the dismissal of the class action Complaint.

## II. STATEMENT OF FACTS

After the filing of the Complaint, the parties conducted due diligence by exchanging information in order to investigate the facts of this case, and to ascertain the applicable law. Such exchanges of information showed that Mr. Hogarty was employed by Dynamic and Innovative, and provided services to NEC in its Herndon, Virginia offices, beginning in late 2005 and ending in approximately early July, 2007.

As required by Chambers Rule 6.A, counsel for NEC contacted Mr. Hogarty's counsel about a potential motion to transfer this case to the U.S. District Court for the Eastern District of Virginia, the district in which Mr. Hogarty provided services to NEC. NEC's counsel informed Mr. Hogarty's counsel that its due diligence investigation of the facts showed that Mr. Hogarty had never worked in California, and was the only Installation Supervisor in NEC's Herndon offices employed by Innovative and Dynamic. Because the work was performed at NEC's place of business in Virginia, which has no independent state overtime law, the parties determined that

a Rule 23(b) opt-out class would not be available, leaving only the "opt in" representative action contemplated by Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Because Mr. Hogarty was the only Installation Supervisor, the parties determined that collective action treatment under 29 U.S.C. § 216(d) was not appropriate.

Through additional exchanges of information in advance of the Early Neutral Evaluation held before Magistrate Judge Major on July 17, 2008 ("ENE"), counsel for the parties determined that it was unclear precisely how many hours of unpaid overtime Mr. Hogarty had worked in the relevant time period. Also, counsel for Defendants raised several defenses to Mr. Hogarty's claims.

Having conducted reasonable inquiries into the facts and applicable law, the parties entered into the Proposed Settlement at the ENE. In light of all of the circumstances, including the disputed factual and legal issues, the parties believe that the Proposed Settlement is a fair and equitable resolution of Mr. Hogarty's claims, and that dismissal of the entire complaint, including the allegations with respect to a Rule 23 class action or a Section 216(d) collective action, is now appropriate.

## III. APPLICABLE LAW

The Proposed Settlement is fair and the compensation offered is adequate given Mr. Hogarty's individual damages and the potential for recovery thereof. Moreover, since the rights of the putative class members will not be adversely affected by the Proposed Settlement and dismissal of this lawsuit, the Court is empowered to approve the settlement and dismiss Plaintiff's Complaint.

**A.     THE SETTLEMENT IS FAIR**

All parties concur that, under the circumstances of this case, the Proposed Settlement represents a fair and equitable compromise of Mr. Hogarty's claims in light of the disputed factual and legal issues.[1]

**B.     NOTICE TO THE PROPOSED CLASS IS NOT REQUIRED**

As set forth above, there is no potential class of Installation Supervisors because Mr. Hogarty was the only Installation Supervisor referred to NEC by Dynamic and Innovative.

Even if there were a potential class, there would be no requirement that notice of the Proposed Settlement be given to any potential class members.  Such notice is required only in cases where a proposed settlement affects the rights of absent class members.  As indicated above, the Proposed Settlement and requested dismissal have no impact on any rights of potential class members.  Class notice has not been sent to any potential class members under Rule 23, and no potential class members have filed a consent to "opt-in" to this suit under Section 216(d).

The mere filing of this Complaint and the inclusion of class allegations relating to alleged FLSA violations within it has no binding affect on the putative class members unless and until they file written consents with the court.  (Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir. 1977)), *overruled on other grounds*.  Indeed, the filing of a consent to participate in a FLSA action is a jurisdictional matter.  "[A] member of the class who is not named in the complaint is not a party unless he affirmatively 'opts in' by filing a written consent-to-join with the court." (Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989)).

Although notices of preliminary settlements should arguably be given to putative class members in Rule 23 cases and in FLSA class actions in which class members have filed consents to join, notice of the Proposed Settlement herein is unnecessary.  The parties have settled Mr. Hogarty's individual claims.  The dismissal of the class action allegations herein will not

---

[1] Due to the confidential nature of the settlement, additional details are not provided herein.  However, the parties submit that a review of the parties' respective ENE submissions would demonstrate the reasonableness of the Proposed Settlement.

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CLASS ACTION COMPLAINT

1  adversely affect any potential class member's right to pursue his or her individual wage and hour

2  claims.  Moreover, notice of the Proposed Settlement is not necessary here because persons who

3  have not filed consents have no standing to object to the Proposed Settlement in any event.

### IV.  CONCLUSION

5           The Proposed Settlement is fair and reasonable, therefore the requested dismissal

6  should be entered.  Class notice is not required, as none of the class members are currently

7  parties to this action.  The Proposed Settlement has been reached in good faith after appropriate

8  due diligence into the facts and the law, and is jointly submitted to the Court by all parties

9  involved.  The parties respectfully request that the Court approve the Proposed Settlement, and

10  order that the Complaint be dismissed with prejudice.

                                      Respectfully submitted,

12  Dated: August *11*, 2008          MORRISON & FOERSTER LLP

                                      By: _____
                                           Daniel P. Westman

                                      MORRISON & FOERSTER LLP
                                      1650 Tysons Boulevard, Suite 400
                                      McLean, Virginia  22102
                                      Telephone: 703.760.7700
                                      Facsimile:  703.760.7777
                                      Email: DWestman@mofo.com

                                      Attorneys for Defendant
                                      NEC CORPORATION OF
                                      AMERICA

                                      THIERMAN LAW FIRM

                                      By: MARK R. THIERMAN / WITH PERMISSION
                                           Mark R. Thierman          BY DP Westman

                                      MARK R. THIERMAN
                                      THIERMAN LAW FIRM
                                      7287 Lakeside Drive
                                      Reno, NV  89511
                                      Telephone: 775.284.1500
                                      Fax: 775.703.5027
                                      Email: laborlawyer@pacbell.net

                                      Attorneys for Plaintiff
                                      CHARLES HOGARTY

BLACKMAR PRINCIPE AND
SCHMELTER

By: _Peter J. Attarian_ / *WITH PERMISSION BY DPWhitman*
     Peter J. Attarian, Jr.

PETER J. ATTARIAN, JR.
BLACKMAR PRINCIPE AND
SCHMELTER
600 B Street, Suite 2250
San Diego, CA 92101-4508
Telephone: 619.238.8900
Fax: 619.236.8180
Email: pattarian@bpslaw.net

    Attorneys for Defendant
    INNOVATIVE EMPLOYEE
    SOLUTIONS

LAW OFFICES OF S. ROSS
KOCHENDERFER, JR.

By: _S. Ross Kochenderfer_
     S. Ross Kochenderfer, Jr.

S. ROSS KOCHENDERFER
LAW OFFICES OF S. ROSS
KOCHENDERFER, JR.
12210 Herdal Drive, Suite 11
Auburn, CA 95603
Telephone: 530.823.9858
Fax: 530.823.0450
Email: rklaw@pacbell.net

    Attorneys for Defendant
    DYNAMIC STAFFING, INC.

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CLASS ACTION COMPLAINT